IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEANA ENNIS BLUNT and<br>CHARLES BLUNT,<br>          Plaintiffs,<br><br>          v.<br><br>THE RITZ-CARLTON HOTEL<br>COMPANY, LLC,<br>          Defendant. | CIVIL ACTION<br><br><br><br>NO.  15-6637 |

**DuBois, J.**                                                                                                                        **March 21, 2017**
**M E M O R A N D U M**

## I.   INTRODUCTION

This is a negligence case. Plaintiff Jeana Blunt avers that she suffered injuries when she slipped and fell on a marble staircase at the Ritz-Carlton Hotel in Philadelphia, Pennsylvania. She alleges that her fall was caused by the negligence of defendant Ritz-Carlton Hotel Company, LLC ("Ritz Carlton"). Charles Blunt, Jeana Blunt's husband, asserts a derivative loss of consortium claim. Presently before the Court is Ritz Carlton's Motion for Summary Judgment.

The Court concludes that there is no evidence from which a reasonable jury could find that a transitory dangerous condition—liquid on the steps—caused plaintiff's accident. The Court also concludes that there is evidence from which a reasonable jury could find that Ritz Carlton had notice of the alleged non-transitory dangerous condition—slippery and worn steps—that plaintiff claims was the cause of her accident. Therefore, defendant's Motion is granted in part and denied in part.

## II.   BACKGROUND

The relevant facts as set forth in the evidence submitted by the parties are as follows. Around 11:00 A.M. on November 1, 2013, plaintiff Jeana Blunt ("plaintiff") arrived at the Ritz-

1

Carlton Hotel (the "Hotel") in Philadelphia, Pennsylvania, to attend a symposium. Pl.'s Resp. to Mot. for Summ. J. ("Pl.'s Resp."), Ex. 2, Deposition of Jeana Blunt ("Blunt Dep.") 91:3–21. It was raining that morning. Pl.'s Resp. to Mot. for Summ. J., Ex. 1, Declaration of Jeana Blunt ("Blunt Decl.") ¶ 2.

Plaintiff proceeded to the symposium, which required her to descend a staircase ("the staircase"). Blunt Decl. ¶ 6. The staircase consists of 20 marble steps, and there is a handrail on the right side of the staircase as one descends. Blunt Dep. 102:2–5; 106:9–107:5. Plaintiff held the handrail as she descended the steps. *Id*. Each step of the staircase has three strips containing "frictional material." Def.'s Mot. for Summ. J. ("Def.'s Mot."), Ex. D, Guest Accident Report at 5; Pl.'s Resp., Ex. 3, Declaration of Daniel Banks, P.E. ("Banks Decl."), Ex. A, at 2. Plaintiff testified that she "[didn't] have a choice" but to step on the strips while descending the stairs, and that she tried to step on the strips. Blunt Dep. 102:9–18; 105:23–106:3. Plaintiff further testified that she did not think that her feet were ever positioned so that her feet "were not in contact with the strips" while she descended the staircase. *Id*. at 104:18–109:22. Plaintiff's expert, Daniel Banks,[1] reported that the friction strips were "worn down such that when [he] placed [his] hand over the strips, they render little or no frictional material to these stairs," and that the frictional material was "worn flush or below the surface." Banks Decl., Ex. B, at 1–2. These statements were based on Mr. Banks' inspection of the staircase on December 18, 2013, approximately six weeks after plaintiff's accident. Banks Decl., Ex. A, at 1.

---

[1] Ritz Carlton separately filed a Motion to Exclude the Expert Reports and Testimony of Daniel Banks. The Motion is based on the argument that Banks' reports assume that plaintiff fell on the marble steps, not the frictional material, whereas the evidence establishes that plaintiff fell on a part of the steps with frictional material. The Court does not address that issue, or the issue presented by the third Banks report, which includes an opinion on the adequacy of the frictional material, because the Motion for Summary Judgment "assumes *arguendo*" that a dangerous condition existed at the time of the accident, and does not address the nature of the condition.

Plaintiff descended approximately thirteen steps without issue. Blunt Dep. 104:4–6. As plaintiff descended, she looked at each step, and she does not recall seeing any puddles or condensation on the staircase. Blunt Dep. at 109:1–110:20. However, plaintiff was "very concerned" about slipping on the staircase because "they are very oddly-shaped steps." *Id*. On the seventh or eighth step from the bottom of the staircase, plaintiff's left foot "slipped out." *Id*. at 110:21–111:22. Plaintiff stated in her declaration that when her foot slipped, she "could tell that the step was slippery." Blunt Decl. ¶ 10. When she slipped, plaintiff was holding the handrail with her right hand. Blunt Dep. at 111:23–112:1. She attempted to grab the rail with her left hand as she fell, which caused her to twist her body, "smack [her] face on the railing," and go down the remaining steps on her back and "head first." *Id*. at 112:2–16.

Defendant has operated the Hotel since 1999, and the "grip strips" on the staircase have not been replaced or repaired since that year. Pl.'s Resp., Ex. 6, Def.'s Resp. to Pl.'s First Req. for Admissions ("Def's Resp. to Adm."), ¶¶ 23–24. Before this incident, defendant had notice that three other individuals fell on the staircase in 2007, 2008, and 2011. Pl.'s Resp., Ex. 8–10.

### III. DISCUSSION

  a. <u>Applicable Law</u>

The Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The Court's role at the summary judgment stage "is not . . . to weigh the evidence and determine the truth of the matter but to determine whether . . . there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249. In making this determination, "the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). However, the party opposing summary judgment must identify evidence that supports each element on which it has the burden of proof. *Celotex Corp.*, 477 U.S. at 322.

To establish negligence under Pennsylvania law, a plaintiff must prove four elements: (1) the defendant owed "a duty or obligation recognized by law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks," (2) the defendant failed to conform to that standard, (3) "a causal connection between the conduct and the resulting injury," and (4) "actual loss or damage" to the plaintiff. *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 139 (3d Cir. 2005).

The parties agree that the relevant duty is that owed to a business invitee. Def.'s Mot. at 4; Pl.'s Resp. at 8–9. Under Pennsylvania law, possessors of a premises "owe a duty to protect invitees from foreseeable harm;" that is, possessors owe a duty when the possessor "knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee." *Craig v. Franklin Mills Assocs., L.P.*, 555 F. Supp. 2d 547, 549 (E.D. Pa. 2008) (quotation marks and citations omitted). To show that the possessor of the premises knew or, through reasonable care, should have known of the dangerous condition, the invitee must present evidence that the possessor had actual notice of the condition,

had constructive notice the condition, or created the condition. *Estate of Swift v. Ne. Hosp. of Phila.*, 690 A.2d 719, 723 (Pa. Super. Ct. 1997) (citation omitted).

      b. The Dangerous Condition

For purposes of the Motion, defendant "[a]ssumes *arguendo* that a dangerous condition existed at the time of the accident," and argues only that it did not have actual or constructive notice of the alleged dangerous condition. Def.'s Mot. at 4, 6, n.1. Even so, to decide whether there is evidence of notice, the Court must first determine the nature of the alleged dangerous condition that caused the accident. The Complaint identifies two alleged dangerous conditions. The first such condition is transitory in nature, resulting from "liquid which had accumulated" on the staircase. Compl. ¶ 23. The second alleged condition is non-transitory, and is based on defendant's "fail[ure] to maintain the staircase in a safe condition" and "allow[ing] the staircase to become slippery and hazardous." *Id*. at ¶ 25. The Court rejects the first claim, but concludes that there is evidence such that a reasonable jury could find that a non-transitory dangerous condition existed.

As to the first claim, there is no evidence that liquid accumulated on the staircase on the day of plaintiff's accident. Although plaintiff testifies that it was raining on the day of the incident, and that, *as she slipped*, she knew that the steps were "slippery," Blunt Dep. at 109:8–110:10; Blunt Decl. ¶ 10, she also said she "didn't see puddles or anything like that" on the steps as she descended the staircase, nor did she see any condensation. Blunt Dep. at 109:5–23. Thus, no reasonable jury could find that there was any liquid on the staircase at the time of plaintiff's accident. The Court therefore grants defendant's Motion for Summary Judgment with respect to the claim that a liquid on the steps caused the accident.

Plaintiff also alleges that the "slippery and hazardous" nature of the staircase constituted a non-transitory dangerous condition. Compl. ¶ 23. The parties agree that each step of the staircase has three strips containing "frictional material." Guest Accident Report at 5; Banks Decl., Ex. A, at 2. Plaintiff has presented evidence that, despite these strips, the stairs constitute a dangerous condition. First, plaintiff's expert stated that six weeks after plaintiff's accident, the friction strips were "worn down such that . . . they render little or no frictional material to [the Staircase]." Banks Decl., Ex. A, at 2. Second, the staircase has only one handrail, which has led to "heavy wear of the steps" on the side that plaintiff used to descend. *Id.*; Blunt Dep. 102:2–5, 106:9–107:5. Third, plaintiff testified that when her foot slipped out, she "could tell that the step was slippery." Blunt Decl. ¶ 10. The Court concludes that plaintiff has presented evidence on which a reasonable jury could find that the "worn down" and "slippery" nature of the staircase constituted a non-transitory dangerous condition.

    c. <u>Defendant Had Notice of the Dangerous Condition</u>

Having determined that the only viable alleged dangerous condition is the "worn down" and "slippery" nature of the staircase, the Court turns next to the question of whether defendant had notice of that condition. In its Motion for Summary Judgment, defendant argues that plaintiff has not produced any evidence that it had actual or constructive notice of any alleged dangerous condition.[2] Mem. of Law in Supp. of Mot. Summ. J. ("Mot. Summ. J.") at 4–7. In response, plaintiff argues that there is sufficient evidence on which a reasonable jury could find that defendant knew or should have known of the dangerous condition of the stairs.

---

[2] Defendant argues that plaintiff has not presented evidence that defendant created the dangerous condition, an alternative approach to proving notice. *Estate of Swift v*, 690 A.2d at 723 (citation omitted). Because the Court concludes that defendant had both actual and constructive notice of the dangerous condition, the Court need not reach question of whether defendant created the dangerous condition.

> *i. Actual Notice*

Defendant first argues that it did not have actual knowledge of any dangerous condition. The Court rejects this argument. Specifically, defendant has admitted that it was aware of at least three other incidents where individuals slipped or fell on the staircase. Pl.'s Resp. to Mot. for Summ. J., Ex. 8–10. These incidents occurred in 2007, 2008, and 2011. *Id*. And the condition of the staircase remained unchanged between those incidents and plaintiff's accident—the "grip strips" on the staircase have not been replaced or repaired since at least 1999, when defendant began to operate the Hotel. Def's Resp. to Adm., ¶¶ 23–24. Defendant's Motion does not mention these incidents. Based on defendant's admissions, the Court concludes that a reasonable jury could find that defendant had actual notice of the alleged non-transitory dangerous condition of the stairs at the time of plaintiff's incident.

> *ii. Constructive Notice*

Defendant next argues that it did not have constructive notice of the alleged dangerous condition. The Court rejects this argument as well, because plaintiff has presented sufficient evidence of constructive notice to survive summary judgment. Courts rely on multiple factors to determine whether possessors of land had constructive notice of a dangerous condition, including "the number of persons using the premises, the frequency of such use, the nature of the defect, its location on the premises, its probable cause, and the opportunity which defendant, as a reasonably prudent person, had to remedy it." *Craig*, 555 F. Supp. 2d at 549–50 (citation omitted). However, the "duration of the hazard" is one of the most important factors, *id*., and when the dangerous condition is non-transitory, Pennsylvania courts permit a defendant to be "charged with [constructive] notice . . . because of the durability of the condition." *Craig v.*

7

*Franklin Mills Assocs., L.P.*, 555 F. Supp. 2d 547, 554 (E.D. Pa. 2008) (citing *Neve v. Insalaco's*, 771 A.2d 786, 791 (Pa. Super. Ct. 2001)).

The alleged dangerous condition in this case is the "slippery" and "worn down" nature of the staircase. There can be no question that the staircase is a permanent part of the Hotel. *See*, *e.g.*, Banks Decl., Ex. A, at 2 (opining that the staircase "appear[s] to date from the late 19th Century[.]"). Because of "the durability of the condition," the Court concludes that a reasonable jury could find that defendant had constructive notice of the dangerous condition of the Staircase. *Neve v. Insalaco's*, 771 A.2d at 791.

Plaintiff has produced evidence from which a reasonable jury could find that defendant had both actual and constructive notice of the alleged non-transitory dangerous condition—the slippery and worn condition of the steps. Therefore, the Court rejects defendant's argument on this issue, and denies defendant's Motion as to plaintiff's claim that the accident was caused by the permanent condition of the staircase.

    d. <u>Loss of Consortium</u>

Finally, defendant argues that Charles Blunt's loss of consortium claim should be dismissed because plaintiff's negligence claim fails. "Any action for loss of consortium is derivative, depending for its viability upon the substantive merit of the injured party's claims." *Schroeder v. Ear, Nose & Throat Assocs. of Lehigh Valley, Inc.*, 557 A.2d 21, 22 (Pa. Super. 1989). Because plaintiff's negligence claim survives summary judgment, Mr. Blunt's dependent loss of consortium claim also survives. The Court therefore denies defendant's Motion as to the loss of consortium claim.

## IV. CONCLUSION

For the foregoing reasons, defendant's Motion to Summary Judgment is granted in part and denied in part. The Motion is granted as to plaintiff's negligence claim based on a transitory dangerous condition of the staircase—liquid on the staircase. The Motion is denied as to plaintiff's claim based on the non-transitory dangerous condition—the worn and slippery steps— and denied as to Mr. Blunt's loss of consortium claim on that ground.